UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ANGELA KIRKLAND                                                    PLAINTIFF


VS.                                    CIVIL ACTION NO. 3:12CV512TSL–MTP

HINDS COUNTY DEPARTMENT OF                                         DEFENDANTS
HUMAN SERVICES AND MICHAEL
MILLER

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the court on the renewed motion of
defendant Michael W. Miller to dismiss the claims asserted against
him in his individual capacity on the basis of qualified immunity.
Plaintiff Angela Kirkland has responded in opposition to the
motion, and the court, having considered the parties' memoranda of
authorities, concludes that the motion should be granted.

Plaintiff filed this action against defendants Mississippi
Department of Human Services (MDHS) and Miller pursuant to 42
U.S.C. § 1983 on July 12, 2012, contending that while she was
employed by MDHS, she was subjected to sexual harassment/hostile
work environment, sex discrimination and retaliation, all caused
by Miller, an MDHS supervisor.  By order entered October 30, 2012,
the court granted Miller's motion to dismiss all Kirkland's claims
against him but gave Kirkland leave to amend her complaint to set
forth sufficient facts to state an individual capacity § 1983
claim against Miller for sexual harassment.

The factual allegations relative to her claim for sexual harassment in her original complaint, which the court found insufficient to state a claim, were as follows:

> 10.   During Plaintiff's tenure with the Hinds County Department of Human Services, she experienced, observed, and heard sexually harassing remarks and actions by Michael W. Miller who created a hostile and offensive work environment.
>
> 11.   Plaintiff observed and experienced unfair employment practices to include denial of promotions, unfair caseloads, and other adverse employment decisions.

By her amended complaint, plaintiff added the following additional allegations:

> 22. Defendant's actions were willful, intentional, in complete disregard for her rights protected by federal law.  The environment created by Defendant Miller was intolerable-it was an environment rampant with sexual abuse and flagrant disregard for the personal dignity and integrity of females.  Defendant Miller frequented (sic) referred to the workplace as "his castle" and indicated that he was king of the castle.  He took sexual advantage of many workers under his employ.  He often made the permanency of their jobs contingent upon a sexual relationship with him.  Plaintiff was subjected to this outrageous behavior against her wishes.  She was also subject to a hostile work environment and was also in fear for her personal dignity as she was afraid that Defendant Miller would direct his unwanted and vulgar advances toward[] her.  Mr. Miller did, in fact, make unwanted comments to Plaintiff, referring to the beauty of her body.  Plaintiff was terrified and dreaded each workday because of his actions.  Defendant's actions were willful, intentional, and in complete disregard for her rights protected by federal law.  The actions of the Defendant violated a clearly established right, i.e., the right to be free from a hostile work environment. This right was established prior to the time of the actions of the Defendant.  Furthermore, Defendant knew or should have known that his actions were in violation

> of the rights of others.  The actions of Defendant
> Miller were not objectively reasonable in light of
> clearly established law and, he cannot be afforded the
> protection of qualified immunity.

Plaintiff's recitals in her amended complaint are primarily

conclusory and add little in the way of actual facts.  When

distilled, the only arguable facts she has alleged, as contrasted

with conclusory assertions, are these:  that Miller referred to

the workplace as his "castle" and to himself as its "king"; that

Miller made unwanted comments to plaintiff about the beauty of her

body; and that Miller took sexual advantage of other workers,

often making the permanency of their jobs contingent upon a sexual

relationship with him.  These new factual allegations do not

reasonably support a conclusion that Miller's alleged sexual

harassment was severe so as to potentially create a hostile work

environment *for plaintiff*.  See Hockman v. Westward Commc'ns, LLC,

407 F.3d 317, 328 (5th Cir. 2004) (holding that as a matter of

law, comments to plaintiff about another employee's body, slapping

plaintiff on the behind with a newspaper, grabbing or brushing up

against plaintiff's breasts and behind, and attempting to kiss

plaintiff were not severe); Shepherd v. Comptroller of Pub.

Accounts, 168 F.3d 871, 871-75 (5th Cir. 1999) (holding that

several inappropriate comments, including "your elbows are the

same color as your nipples," and touchings, including rubbing the

plaintiff's arm from shoulder to wrist, were not severe).

The king-of-his-castle comments Miller is alleged to have
made, as well as comments about plaintiff's beautiful body, are
manifestly insufficient to state a claim.  And assuming for the
sake of argument that plaintiff could state a claim for relief
based on sexual harassment of co-workers, her amended complaint
alleges only vaguely that Miller "took sexual advantage" of other
workers; no facts are supplied from which the court might discern
the nature, frequency or conspicuousness of such alleged
harassment of others.  The court thus concludes that the plaintiff
has failed to plead sufficient facts to support a conclusion that
Miller's actions subjected plaintiff to an objectively or
subjectively abusive environment.  See Harris v. Forklift Sys.,
Inc., 510 U.S. 17, 21-22, 114 S. Ct. 367, 126 L. Ed. 2d 295
(1993)("For harassment to affect a term, condition, or privilege
of employment, it must be both objectively and subjectively
abusive" and is determined by the totality of the circumstances);
see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Fed. R.
Civ. P. 8(a)(2)) ("[W]here the well-pleaded facts do not permit
the court to infer more than the mere possibility of misconduct,
the complaint has alleged--but not 'shown'--'that the pleader is
entitled to relief.'").  Accordingly, as plaintiff's amended
complaint fails to state a hostile work environment claim,
Miller's renewed motion to dismiss will be granted.

4

Based on the foregoing, it is ordered that defendant Miller's renewed motion to dismiss is granted.

SO ORDERED this 17th day of December, 2012

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE