```
                  UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF MISSISSIPPI
                         JACKSON DIVISION
```

ANGELA KIRKLAND                                              PLAINTIFF

VS.                                  CIVIL ACTION NO. 3:12CV512TSL-MTP

HINDS COUNTY DEPARTMENT OF                                  DEFENDANTS
HUMAN SERVICES AND MICHAEL
MILLER

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the court on the motion of defendant Mississippi Department of Human Services (MDHS), erroneously designated "Hinds County Department of Human Services", for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff Angela Kirkland opposes the motion, and the court, having considered the parties' memoranda, concludes that the motion should be granted.

Plaintiff filed suit against defendants MDHS and Michael Miller on July 20, 2012, contending that while she was employed by MDHS, she was subject to sexual harassment/hostile work environment, sex discrimination and retaliation, all caused by defendant Michael Miller, the Director of the Hinds County Department of Human Services. According to the complaint,[1] during her two-year tenure with MDHS, she "experienced, observed, and

---

[1] On October 30, 2012, the court granted plaintiff leave to amend her complaint so as to state a claim for sexual harassment against Miller in his individual capacity. The amended complaint was filed on November 6, 2012 and did not alter the substance of the claims against MDHS.

heard sexually harassing remarks and actions by Michael W. Miller" and after she gave a statement against Miller and in support of a co-worker that Miller was sexually harassing, Miller retaliated against her.  Plaintiff alleges that she was ultimately terminated on June 19, 2011 based on false charges that she participated in food stamp fraud.  On this factual basis, the complaint purports to state claims against defendants under both Title VII and 28 U.S.C. § 1983 and seeks compensatory as well as punitive damages.

By its motion, MDHS urges that dismissal of the Title VII claims is required inasmuch as Kirkland failed to file a timely charge of discrimination with the EEOC.  See 42 U.S.C. § 2000e-5(e)(1) (Title VII claimant must file charge of discrimination within 180 days after "alleged unlawful employment practice occurred" or that time frame serves as statute of limitations for such claims).[2]  Specifically, MDHS points out that the Charge of

---

[2] In its motion, MDHS makes two additional, and plainly meritorious  arguments, which were unaddressed and apparently conceded by plaintiff.  First, it points out that as it is a state agency, the Eleventh Amendment bars any putative claim under 42 U.S.C. § 1983.  See Edelman v. Jordan, 415 U.S. 651, 662-663, 94 S. Ct. 1347, 1355, 39 L. Ed. 2d 662 (1974) (holding that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State"); see also Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144, 113 S. Ct. 684, 687, 121 L. Ed. 2d 605 (1993) (recognizing that Eleventh Amendment bar extends to State and agencies acting under its control, "arms of the state"); Carter v. Mississippi Dept. of Human Servs., Civil Action No. 3:05-CV-190 HTW-JCS, at *2 (S.D. Miss. September 29, 2006) (finding that MDHS was a state agency entitled to Eleventh Amendment immunity).  Secondly, the State is not subject to punitive damages under either Title VII or § 1983.  See Oden v. Oktibbeha County, Miss.,

Discrimination which plaintiff has appended to the complaint was not filed until April 25, 2012, more than 310 days after her June 19, 2011 termination and thus, is untimely.

For her part, plaintiff contends that because she has been diligent in pursuing her rights, exceptional circumstances warrant equitable tolling of the administrative limitations period for her claims. See Granger v. Aaron's Inc., 636 F.3d 708, 711 (5th Cir. 2011) (stating "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement, that like a statute of limitations, is subject . . . equitable tolling," and concluding that equitable tolling may be available where plaintiff has exercised due diligence in actively pursuing judicial remedies, a relevant consideration of which is whether plaintiff took steps which are recognized as important by statute before the end of the limitations period) (internal citations omitted).  Plaintiff offers the following in support of equitable tolling:

> She followed internal procedures regarding filing complaints, she participated with the internal investigation into Miller's sexual misconduct, and then she filed a Charge with the EEOC after she was wrongfully terminated.

---

246 F.3d 458, 466 (5th Cir. 2001) (stating that Title VII precludes award of punitive damages against governmental entity); City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981) (concluding that punitive damages are unavailable for § 1983 claims against governmental entities).

3

Plaintiff's equitable tolling argument offers no explanation as to why the charge was not timely filed.  Further, contrary to plaintiff's assertion otherwise, there is absolutely no basis for a conclusion that she took steps recognized as important by the statute within the limitations period so as to warrant equitable tolling.  Accordingly, MDHS's motion to dismiss will be granted.

Based on the foregoing, it is ordered that MDHS's motion to dismiss is granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 17th day of December, 2012

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE